Matter of Petre v Lucia (2024 NY Slip Op 03552)

Matter of Petre v Lucia

2024 NY Slip Op 03552

Decided on June 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2024

Before: Moulton, J.P., Friedman, Kapnick, Shulman, Michael, JJ. 

Index No. 300043/20 Appeal No. 2580 Case No. 2023-01626 

[*1]In the Matter of Gheorghe Petre, Petitioner-Appellant,
v
Joseph Lucia et al., Defendants-Respondents.

Gheorghe Petre, appellant pro se.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about March 1, 2023 which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for a default judgment under CPLR 3215(f) without prejudice to renew, directed personal service of a supplemental summons and amended complaint upon all defendants, and denied plaintiff's request to preclude nonparty John Lucia from appearing in the action, unanimously affirmed, without costs.
The motion court properly denied plaintiff's motion for a default judgment under CPLR 3215 without prejudice to renew and providently directed service of a supplemental summons and amended complaint on all of the named defendants after granting plaintiff's motion to amend the complaint to substitute defendant Joseph L. Lucia for the John Doe defendant. Contrary to plaintiff's contention, he did not comply with this Court's May 3, 2022 order, which affirmed the denial of his first motion for a default judgment without prejudice to refiling the motion upon proper papers (Matter of Petre v Lucia, 205 AD3d 438 [1st Dept 2022]). There, we determined that plaintiff could not rely on affidavits of service dated January 4, 2020, which suffered from various defects, among them, that "the affidavits of service state that service was completed more than a year before the first motion for a default judgment was filed" (id.). Plaintiff therefore was aware that it was unacceptable to rely on affidavits of service dated more than a year before moving for a default judgment, despite his pro se status, because, as we specifically stated, "this is not a minor error" (id.).
Here, plaintiff's renewed default motion, dated May 17, 2022, suffered from the same defect because rather than re-serve the pleadings on defendants, plaintiff elected to rely on affidavits of service dated January 4, 2021, by having them re-sworn and notarized in May 2022, more than a year later. Because plaintiff failed
"to take proceedings for the entry of judgment within one year" of the default set forth in the affidavits of service, as required by CPLR 3215(c), a default judgment was unavailable to him on these papers.
While the default motion was pending, plaintiff moved to amend the complaint to substitute defendant Joseph L. Lucia for the John Doe defendant under CPLR 1024, which the court granted. Under these circumstances, and because plaintiff failed to establish an entitlement to a default judgment against defendants on the original pleadings, the court providently directed service of the amended pleadings upon all the defendants.
Furthermore, although plaintiff also requests that this Court "impose $10,000 sanctions against [nonparty] John Lucia due to his frivolous voluntary interference" in this action, plaintiff fails to provide any evidence of that person's interference or how
plaintiff was prejudiced. The appendix on appeal also does not contain the moving papers associated with this request before the [*2]motion court.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2024